IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-11141 |
| | § | |
| ROSEWOOD OAKS, LLC | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

## APPLICATION FOR ORDER TO APPROVE EMPLOYMENT OF COUNSEL

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within twenty-one (21) days from the date of service, no hearing will be held and the relief requested in the motion may be granted without a hearing being held.**

Pursuant to 11 U.S.C § 327(a) and Bankruptcy Rule 2014(a), the above captioned Debtor-in-Possession in Chapter 11 (hereinafter "Applicant"), respectfully requests the Court to enter an Order Approving Employment of Counsel in this Case and submit the following information in support of their request:

1. On September 30, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Applicant wishes to employ the law office of Fred E. Walker, P.C. to represent them in this matter. The law office is located at 609 Castle Ridge Road, Suite 220, Austin, TX 78746. The telephone number is 512-330-9977. The facsimile number is 512-330-1686.

3. Applicant selected the law office of Fred E. Walker, P.C. because their attorneys have experience in matters of this character and they are well qualified to represent it as a Debtor in Possession in this case.

4. The professional services Fred E. Walker, P.C. is to render include:

    a)    advise Debtor as to their rights and responsibilities;

    b)    take all necessary action to protect and preserve the estate of the Debtor including, if necessary, the protection of actions or adversary or other proceedings on the Debtor's behalf;

    c)    develop, negotiate and promulgate the Chapter 11 plan for the Debtor and prepare the discharge statement in respect thereof;

    d)    prepare on behalf of the Debtor all necessary applications, motions, and other pleadings and papers in connection with the administration of the estate; and

    e)    perform all other legal services required by the Debtor in connection with this Chapter 11 case.

7. To the best of debtor's knowledge and in reliance upon the attached affidavit of disinterestedness of Fred E. Walker for the law office of Fred E. Walker, P.C., the firm is disinterested and has no connection with the creditors, or any other party in interest, or their respective attorneys. *See Attached Exhibit A*.

8. The terms of the employment of the law office of Fred E. Walker, P.C. agreed to by the Debtor in possession, subject to the approval of the court, are that attorneys and other personnel within the office will undertake this representation at a rate of $395.00 per hour for Fred Walker, $295.00 per hour for Kimberly Nash and Denise True, attorneys, and $125.00 per hour for legal assistants, for services rendered and to be rendered in connection with the Chapter 11 Bankruptcy Case. See the Attorney Client Agreement Attached *Exhibit B*.

9. None of the members of the law firm of Fred E. Walker, P.C. represent any interest adverse to debtor as Debtor in Possession or the estate in the matters

upon which he is to be engaged for the Debtor in Possession and its employment would be in the best interest of this estate.

WHEREFORE, Applicant prays that its employment of the law office of Fred E. Walker, P.C. to represent them in this case be approved by the Court.

Dated: <u>October 18, 2016</u>

Respectfully submitted,

**ROSEWOOD OAKS, LLC**
**AVIS WALLACE, Manager**

*/s/ Wallace*
_____
Avis Wallace, Manager

## CERTIFICATE OF SERVICE

  I, the above signed, do hereby certify that a true and correct copy of the foregoing Application for Approval of Employment of Counsel and Exhibit A, Affidavit of Disinterestedness, has been served pursuant to Local Rule 9013 (g) via first class U.S. mail to the following parties of interest below and on the attached matrix:

U.S. Trustee
903 San Jacinto, Room 230
Austin, TX 78701
*(sent via electronic notification)*

Rosewood Oaks, LLC
9001 Wildwater Way
Round Rock, TX 78681

| | |
|---|---|
| ADT Security Services<br>3190 S. Vaughn Way<br>Aurora, CO 80014 | American Express Plum<br>P.O. Box 26312<br>Lehigh Valley, PA 18002 |
| AT&T<br>Attn: Credit Collections<br>P.O. Box 5001<br>Carol Stream, IL 60197 | Avis Wallace<br>9001 Wildwater Way<br>Round Rock, TX 78681 |
| Beverly Piper<br>4606 Broadhill Dr. | Can Capital Asset Servicing, Inc.<br>414 West 14th Street, 3rd Floor |

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-11141 |
| | § | |
| ROSEWOOD OAKS, LLC | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

## AFFIDAVIT OF DISINTERESTEDNESS

I, Fred E. Walker, swear:

1. I am an attorney and counselor at law, admitted to practice in the State of Texas, and in this Court.

1. I practice under the name of Fred E. Walker, P.C. My law firm maintains an office for the practice of law at 609 Castle Ridge Road, Suite 220, Austin, TX 78746.

3. Neither I nor my law firm has any connection with Rosewood Oaks, LLC, (debtor), their creditors, or any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

4. Neither I nor my law firm hold nor represent any interest adverse to Rosewood Oaks, LLC as Debtor in Possession, or the estate in the matters upon which I am to be engaged.

AFFIANT:

_____
Fred E. Walker

Subscribed and sworn before me on <u>October 18, 2016</u>



Notary Public, State of Texas

MEREDITH FICKEL
Notary Public, State of Texas
My Commission Expires
September 03, 2019

# Exhibit B

## ATTORNEY FEE AGREEMENT

**FRED E. WALKER, P.C.** ("Attorney") and ROSEWOOD OAKS, LLC ("Client") hereby agrees that Attorney will provide legal services to Client on the terms set forth below.

1. **CONDITIONS.** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial deposit called for under Paragraph 4.

2. **SCOPE OF SERVICES.** Client hire Attorney as their general bankruptcy counsel to perform the following legal services:

    a. advise Client of its rights, powers and duties as debtors-in-possession in continuing to operate and manage their assets and business;

    b. prepare such administrative and procedural applications and motions as may be required for the sound conduct of the case, including, but not limited to, the Client' schedules and statement of financial affairs;

    c. review and object to claims;

    d. advise Client concerning, and assisting in the negotiation and the documentation of debtor-in-possession financing;

    e. review the nature and validity of Agreements relating to Client' business operations and advise Client in connection therewith;

    f. review the nature and validity of liens asserted against Client and advise as to the enforceability thereof;

    g. advise Client concerning the actions they might take to collect and recover property for the benefit of their estate;

    h. prepare on Client' behalf all necessary and appropriate applications, motions,

pleadings, orders, notices, petitions, schedules, and other documents, to be filed in the Client' Chapter 11 case;

i. advise Client concerning, and prepare responses to, applications, motions, pleadings, notices and other pleadings or documents which may be filed in their Chapter 11 Case;

j. counsel Client in their efforts to sell all or substantially all their assets whether pursuant to 11 U.S.C. section 363 and/or in connection with the formulation, negotiation and promulgation of a chapter 11 plan; and

k. perform all other legal services for and on behalf of Client which may be necessary or appropriate in the administration of their Chapter 11 case and fulfillment of their duties as debtors-in-possession.

3. **CLIENT' DUTIES**. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client' attention, to abide by this Agreement, to pay Attorney's bills on time, and to keep Attorney advised of Client' address, telephone number and whereabouts. Client will assist Attorney in providing necessary information and documents and will appear when necessary at legal proceedings.

4. **DEPOSIT.** Client agrees to pay Attorney an initial deposit of $10,000.00. The hourly charges will be charged against the deposit. The initial deposit, as well as any future deposit, will be held in a trust account. Client authorizes Attorney to use that fund to pay the fees and other charges as they are incurred. Payments from the fund will be made upon remittance to Client of a billing statement. Client acknowledges that the deposit is not an estimate of total fees and costs, but merely an advance for security.

5. Whenever the deposit is exhausted, Attorney reserves the right to demand further deposits. Client agrees to pay all deposits after the initial deposit within 10 days of Attorney's demand. Unless otherwise agreed in writing, any unused deposit at the conclusion of Attorney's services will be refunded.

6. **LEGAL FEES AND BILLING PRACTICES.** Client agrees to pay by the hour at Attorney's prevailing rates for all time spent on Client' matter by Attorney's legal personnel. Current hourly rates for legal personnel are as follows:

   | | |
   |---|---|
   | Fred E. Walker | $395.00 |
   | Kimberly L. Nash | $295.00 |
   | Denise A. True | $295.00 |
   | Paralegals | $125.00 |

7. The rates on this schedule are subject to change on 30 days' written notice to Client. If Client decline to pay increased rates, Attorney will have the right to withdraw as attorney for Client.

8. The time charged will include the time Attorney spends on telephone calls relating to Client' matter, including calls with Client, witnesses, opposing counsel or court personnel. The legal personnel assigned to Client' matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent. Attorney will charge for waiting time in court and elsewhere and for travel time, both local and out of town.

9. Time is charged in minimum units of one-tenth (.1) of an hour. The following have

higher minimum charges:

**10. COSTS AND OTHER CHARGES.**

a. Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses in addition to the hourly fees. The costs and expenses commonly include, service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, all costs and expenses will be charged at Attorney's cost.

b. Out of town travel. Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney's personnel. Client will also be charged the hourly rates for the time legal personnel spend traveling.

c. Experts/ Consultants and Investigators. To aid in the preparation or presentation of Client' case, it may become necessary to hire expert witnesses, consultants or investigators. Client agrees to pay such fees and charges. Attorney will' select any expert witnesses, consultants or investigators to be hired, and Client will be informed of persons chosen and their charges.

d. Additionally, Client understand that if the matter proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Client.

11. **BILLING STATEMENTS.** Attorney will send Client periodic statements for fees and costs incurred. Each statement will be payable within 30 days of its mailing date. Client may request a statement at intervals of no less than 30 days. If Client so requests, Attorney will provide one within 10 days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

12. **LIEN.** Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of the representation under this Agreement. The lien will be for any sums owing to Attorney at the conclusion of services performed. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged before the end of the case. Because a lien may affect Client' property rights, Client may' seek the advice of an independent lawyer of Client' choice before agreeing to such a lien. By initialing this paragraph, Client represent and agrees that Client have had a reasonable opportunity to consult such an independent lawyer and- whether or not Client have chosen to consult such an independent lawyer-Client agrees that Attorney will have a lien as specified above.

_____(Client Initial Here)   _____(Attorney Initial Here)

13. **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client' consent or for good cause. Good cause includes Client' breach of this Agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing

representation unlawful or unethical. When Attorney's services conclude, all unpaid charges will immediately become due and payable. After services conclude, Attorney will, upon Client' request, deliver Client' file and property in Attorney's possession unless subject to the lien provided in Paragraph 8 above, whether or not Client have paid for all services.

14. **DISCLAIMER OF GUARANTEE AND ESTIMATES**. Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

15. **ENTIRE AGREEMENT**. This Agreement contains the entire Agreement of the parties. No other Agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

16. **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

17. **MODIFICATION BY SUBSEQUENT AGREEMENT**. This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by all of them, or an oral Agreement only to the extent that the parties carry it out.

18. **EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement

does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREES TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

ROSEWOOD OAKS, LLC

By: Avis Wallace
Its: Manager

FRED E. WALKER, P.C.


By: Fred E. Walker
Its: Managing Attorney

| | | |
|---|---|---|
| ADT Security Services<br>3190 S. Vaughn Way<br>Aurora, CO 80014 | City of Austin<br>721 Barton Springs Rd,<br>Attn: Legal<br>Austin, TX 78704 | Law Offices of Hubert Bell, Jr.<br>1907 N. Lamar Blvd Ste. 300<br>Austin, TX 78705 |
| American Express Plum<br>P.O. Box 26312<br>Lehigh Valley, PA 18002 | D. Scott Heselmeyer, P.C.<br>211 Round Rock Ave.<br>Round Rock, TX 78664 | Life Storage of Round Rock<br>506 McNeil Rd.<br>Round Rock, TX 78681 |
| AT&T<br>Attn: Credit Collections<br>P.O. Box 5001<br>Carol Stream, IL 60197 | David C. Gregorcyk<br>7701 N. Lamar Blvd., Ste. 100<br>Austin, TX 78752-1012 | Life Storage of Round Rock<br>506 McNeil Rd<br>Round Rock, TX 78681 |
| Avis Wallace<br>9001 Wildwater Way<br>Round Rock, TX 78681 | ESQ Industries<br>7487 Trailway Dr.<br>Frisco, TX 75035 | Ollie Jones<br>2844 Hiawatha St.<br>New Orleans, LA 70126 |
| Beverly Piper<br>4606 Broadhill Dr.<br>Austin, TX 78723 | Fred E. Walker, P.C.<br>609 Castle Ridge Road<br>Suite 220<br>Austin, TX 78746 | Platinum Travel Network<br>11130 Jollyville Rd. Ste 303<br>Austin, TX 78759 |
| Can Capital Asset Servicing, In<br>414 West 14th Street, 3rd Floor<br>New York, NY 10014 | Janette Wallace<br>9001 Wildwater Way<br>Round Rock, Tx 78681 | R Bank<br>Attn: Bankruptcy Dept.<br>1900 Round Rock Ave.<br>Round Rock, TX 78681 |
| Cersonsky, Rosen & Garcia, P.C.<br>1770 St. James Place, Ste. 150<br>Houston, TX 77056-3422 | JB Goodwin Realtors/Linda Del T<br>1613 S. Capital of Texas Hwy<br>Austin, Tx 78746 | Rausch, Strum, Israel, Enerson<br>15851 N. Dallas Parkway, Ste. 2<br>Addison, TX 75001 |
| Chase Bank USA, N.A.<br>PO Box 15123<br>Wilmington, DE 19850-5145 | JCI Residential LLC<br>7701 N. Lamar Blvd,<br>Austin, Tx 78752-1000 | Tax Ease<br>14901 Quorum Dr. Ste. 900<br>Dallas, TX 75254 |
| Choate & Assoc.<br>W. Lee Choate<br>1000 Westbank Dr., Bldg. 1<br>Austin, TX 78746 | Josh Ray, CPA<br>3000 Joe DiMaggio Blvd. Ste 91<br>Round Rock, TX 78665 | Travis County<br>P.O. Box 1748<br>Austin, TX 78767 |
| CIT Technologies c/o<br>McCarthy Burgess Wolf<br>26000 Cannon Rd<br>Belford Heights, OH 44146 | Justice of the Peace<br>Williamson County<br>PO Box 588<br>Taylor, TX 76574 | Wallace Development LLC<br>9001 Wildwater Way<br>Round Rock, TX 78681 |

16-11141-tmd Doc#9 Filed 10/18/16 Entered 10/18/16 15:10:56 Main Document Pg 15 of 17

Debtor(s): **Rosewood Oaks, LLC**  Case No: **16-11141**  **WESTERN DISTRICT OF TEXAS**
Chapter: **11**  **AUSTIN DIVISION**

Williamson County Clerk, Nancy
Attn: Civil Division
405 MLK St., Box 14
Georgetown, TX  78626

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 16-11141** |
| | § | |
| **ROSEWOOD OAKS, LLC** | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 11** |

**ORDER APPROVING EMPLOYMENT OF COUNSEL**

On this day the Court considered Debtor's Application for Order to Approve Employment of Counseling, pursuant to 11 U.S.C § 327(a) and Bankruptcy Rule 2014(a), and finds that it should be granted.

IT IS THEREFORE ORDERED THAT the terms of the employment of the law office of Fred E. Walker, P.C. agreed to by the Debtor in possession, subject to the approval of the court, are that attorneys and other personnel within the office will undertake this representation at a rate of $395.00 per hour for Fred Walker, $295.00 per hour for Kimberly Nash and Denise True, attorneys, and $125.00 per hour for legal assistants for services rendered and to be rendered in connection with the Chapter 11 Bankruptcy Case.

IT IS THEREFORE ORDERED THAT the law office of Fred E. Walker, P.C. is approved as counsel for Debtor to represent them in the Chapter 11 Bankruptcy Proceeding on the terms and conditions set forth in the Application for Order Approving Employment of Counsel filed in this case.

IT IS SO ORDERED.

###

Prepared by:
Fred E. Walker, P.C.
Wells Fargo Building, Suite 220
609 Castle Ridge Road
Austin, TX 78746-5126
512-330-9977 Office / 512-330-1686 Facsimile