**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-11141 |
| | § | |
| **ROSEWOOD OAKS, LLC** | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

## DEBTOR'S 2ND AMENDED CHAPTER 11 COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

    This Amended Combined Plan of Reorganization and Disclosure Statement is presented to you to inform you of the proposed Plan. The Plan calls for payment in full of all allowed claims, so all creditors are conclusively presumed to have accepted the Plan, but all parties in interest have the option to object to the Plan.

    You are encouraged to carefully review the full text of this document, including all exhibits and attachments.

    YOU MAY OBJECT TO THE ADEQUACY OF THE DISCLOSURES MADE IN THIS DOCUMENT, OR YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, YOU MUST DO SO BY **MARCH 6, 2017.**

    A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR **MARCH 8, 2017** IN COURTROOM NO.1 AT THE U.S. BANKRUPTCY COURT 903 SAN JACINTO BLVD STE 322, AUSTIN, TX 78701.

    Your rights may be affected by this Combined Plan and Disclosure Statement. You should consider discussing this document with an attorney. **Counsel for the Debtor can be contacted at the following address**

Law Office of Fred E. Walker
Kimberly Nash
609 Castle Ridge Ste. 220
Austin, Tx 78746
(512) 330-9977 (phone)
(512) 330-1686 (fax)

TABLE OF CONTENTS

Summary of the Plan and Distributions to Creditors .................................................................. 3
Article I.    Background of the Debtor .......................................................................... 3
    Section 1.01    Filing of the Debtor's Chapter 11 Case ..................................................... 3
    Section 1.02    Debtor's Assets. ........................................................................................ 3
    Section 1.03    Events Leading to the Filing of the Bankruptcy Case ............................. 4
    Section 1.04    Significant Events During the Bankruptcy Case ..................................... 4
    Section 1.05    Projected Recovery of Avoidable Transfers ........................................... 4
    Section 1.06    Bar Date .................................................................................................... 4
Article II.   The Plan .......................................................................................................... 4
    Section 2.01    Unclassified Claims .................................................................................. 4
    Section 2.02    Classification of Claims ........................................................................... 5
    Section 2.03    Effective Date of the Plan ........................................................................ 5
    Section 2.04    All Claims and their Treatment ............................................................... 6
    Section 2.05    Estimated Number and Amount of Claim Objections. ........................... 8
    Section 2.06    Allowance and Disallowance of Claims .................................................. 9
    Section 2.07    Treatment of Executory Contracts & Unexpired Leases ........................ 9
    Section 2.08    Acceptance or Rejection of this Plan ...................................................... 9
    Section 2.09    Means for Implementation of the Plan .................................................. 10
    Section 2.09(d) Timely Negotiation of Checks…………………………………………..10
    Section 2.10    Tax consequences of the Plan ................................................................ 11
    Section 2.11    Risk Factors/Mitigating Factors ............................................................ 11
Article III.  Feasibility of Plan ........................................................................................ 11
    Section 3.01    Ability to Fund the Plan and Cash on Hand ......................................... 11
    Section 3.02    Cash on Hand on the Effective Date ..................................................... 11
Article IV.   Liquidation Valuation ................................................................................. 11
Article V.    General Provisions ...................................................................................... 11
    Section 5.01    Title to Assets ......................................................................................... 11
    Section 5.02    Binding Effect. ....................................................................................... 12
    Section 5.03    Severability ............................................................................................ 12
    Section 5.04    Retention of Jurisdiction by the Bankruptcy Court. ............................. 12
    Section 5.05    Modification of Plan. ............................................................................. 12
    Section 5.06    Final Decree ........................................................................................... 12
    Section 5.07    Remedy of Parties in Interest For a Plan Default ................................. 12

# Summary of the Plan and Distributions to Creditors

At the time of filing, Rosewood Oaks LLC, Debtor, owned the real property located at 2600 Rosewood Ave Austin, Texas. After approval by the Court, on January 14, 2017, Debtor closed a sale of the real property to 2016 Wolverine Way, LP ("Buyer"), as assignee and successor-in-interest to Eureka Holdings for $1,650,000.00. At closing Debtor satisfied the mortgage and tax liens against the property, all the secured debt, and is holding $584,672.44 in its Debtor in Possession account to disburse to the remaining claims in full. There are other assets owned or held by Debtor described in this document.

# Article I. Background of the Debtor

In December 1999, Rosewood Oaks LLC bought land located at 2600 Rosewood Ave Austin Texas and built a day care center. Construction was complete August 2001and it commenced business. This purchase and construction was financed by a loan from R Bank. Because of declining business, this business was closed for business on May 2012. The real property was on and off the market for sale since the business closed in 2012.

## Section 1.01  Filing of the Debtor's Chapter 11 Case.

On September 30, 2016, the Debtor filed a voluntary petition for relief under the Bankruptcy Code, after the lender posted the property for foreclosure. The Chapter 11 case is pending in the Western District of Texas, Austin Division.

## Section 1.02  Debtor's Assets.

a) **Debtor also paid a retainer in the amount of $4,190.00, held by its attorney in an IOLTA account. Any approved fees will be paid satisfied from the amount in the retainer first. Any unused retainer shall be returned to Debtor.**

| Description/Real Property | Value |
|---|---|
| 2600 Rosewood Ave Austin, Texas 78702 Approximately 3.283 acres of land, same being lots 1,2,3,4,5, and 6 of Wimberle Addition | $1,650,000.00 |
| Description/Personal Property | Value |
| Chairs (4) $75.00 for all<br>Book Cases (3) $20.00 each<br>Desks (3) $25.00 each<br>Student Chairs $30.00<br>Student Tables $50.00<br>Sofa $150.00<br>Tables (2) $20.00 each | $480.00 |

| | |
|---|---|
| Wire Shelving $30.00<br>Vent Hood $50.00<br>Wash Basin $20.00<br>3 Compartment Sink $75.00 | $175.00 |
| Stove $100.00; Class Rugs ($100.00); Used books 50-75 $30.00; Clothes $100.00; Toys $50.00; Sm frig (2)-$25 each'; computer $50.00; refrig $150.00; microwave (2) $20.00 each; Custodial buckets $40.00; Freezer | $890.00 |
| $100.00; Infant Swings $10.00; Fax machine $40.00; printer $30.00 | |
| Texas Unclaimed Property<br>Claim No 17053368<br>Overpayment of Insurance | $440.00 |
| Total | $1,651,985.00 |

## Section 1.03    Events Leading to the Filing of the Bankruptcy Case.

After Debtor closed the daycare in May 2012, the building was listed for sale. With no operating income, Debtor relied on loans from the principles and friends and family. Although Debtor had several contacts to purchase 2600 Rosewood Ave during this period those fell through during the option phase. Unable to make payments to the lender, the property was posted for foreclosure. Debtor filed a bankruptcy to prevent a foreclosure.

## Section 1.04    Significant Events During the Bankruptcy Case.

On January 14, 2017 Debtor closed a sale of the real property located at 2600 Rosewood Ave realizing cash proceeds of $1,650,000.00. This sale was approved by the bankruptcy court.

## Section 1.05    Projected Recovery of Avoidable Transfers

The Debtor is not aware of any preference payments, fraudulent conveyances or other avoidance actions.

## Section 1.06    Bar Date.

The Bar date to file a Proof of Claim in this case was **January 23, 2017.**

# Article II. The Plan

## Section 2.01    Unclassified Claims

a) UST Fees. United States trustee fees due under 28 U.S.C. § 1930. UST Fees for first quarter 2017 shall be paid in full in cash when due. The UST Fees are estimated at

$6,500.00 for the first quarter 2017. Fees will continue pursuant to 28 U.S.C. § 1930 until the case is closed, dismissed, or converted. Debtor may prepay the amount due, but funds sufficient to fund UST fees until the end of the case shall be retained.

b) Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals; under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

   1) **Professional Fees**. Professional fees may only be paid upon application to and approval by the court. Estimated fees through the Effective Date are $25,000.00. Debtor's attorney holds a $4,190.00 retainer. The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

## Section 2.02    Classification of Claims

a) **Allowed Secured Claims** Allowed Secured Claims of any Person with a Claim secured by Lien upon any Asset of the Estate. There are no secured creditors because all the claims of the secured creditor were paid in full at closing pursuant to order of the Court.

b) **Allowed Claims of Taxing Authorities** Allowed Secured Claims of Taxing Authorities or Allowed Claims of Taxing Authorities that are entitled to priority treatment under Bankruptcy Code sections 507(a)(8). All secured claims of the Taxing Authorities were paid in full at closing pursuant to order of the Court.

c) **Class 1 Claims: Allowed General Unsecured Claims** All Allowed Unsecured Claims, including Allowed claims arising from the rejection of any Executory Contract.

## Section 2.03    Effective Date of the Plan

The Effective Date of the Plan shall be the date on which the confirmation order confirming the plan is entered. If the order is stayed pursuant to Bankruptcy Rule 8005 by order of an appropriate court, the Effective Date shall be the day the Order becomes final.

## Section 2.04    All Claims and their Treatment

|  | SCHEDULED Claim | Proof of Claim | Paid | Impairment | Comments |
|---|---|---|---|---|---|
| Administrative Claims |  |  |  |  |  |

| | | | | | |
|---|---|---|---|---|---|
| JB Goodwin Realtors/Linda Del Toro | 49,500.00 | | Paid | | Allowed administrative claim. Claim has already been paid in accordance with the Sale Order on January 14, 2017. It will not receive any distribution under the Plan. |
| Law Office Fred Walker | 25,000.00 | | | | Estimate at Effective Date |
| Claims Paid in Full At Closing | | | | | |
| R Bank | 910,104.74 | | Paid | | The Allowed Secured Claim has already been satisfied in accordance with Sale Order which funded January 14, 2017. Because the holder of the Claim has already been paid in full, it will not receive any distribution under the Plan. |
| Travis County Taxes 2016 | 1,340.63 | | Paid | | The Allowed Secured and/or Priority Claims of Taxing Authorities have already been satisfied in accordance with the Sale Order funding January 14, 2017. Because holder of the Claim has already been paid in full, they will not receive any distribution under the Plan |
| Travis County Taxes 2015 | 37,640.68 | | Paid | | The Allowed Secured and/or Priority Claims of Taxing Authorities have already been satisfied in accordance with the Sale Order which funded January 14, 2017. Because holder of the Claim has already been paid in full, they will not receive any distribution under the Plan |
| Class 1 Allowed General Unsecured Claims | | | | | Each Claim shall receive payment in full in cash of the allowed amount of such claim within 30 days of the effective date of the Plan |

| | | | | | |
|---|---|---|---|---|---|
| ADT Security | 280.44 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| American Express Plum | 646.42 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| AT&T | 161.03 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| Avis Wallace | 167,404.76 | | | Unimpaired | This claim holder agrees to reduce her amount to the extent the other creditors receive payment in full. |
| Beverly Piper | 10,000.00 | POC 2 10,000.00 | | Unimpaired | |
| Can Capital Asset Servicing Inc. | 51,617.16 | POC 1 51,617.16 | | Unimpaired | |
| Chase Bank USA, N.A. #6378; #7404 | 2,599.77 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| CIT Technologies c/o | 5,000.00 | | | Unimpaired | Executory Contract- Debtor has assumed the lease and is paying the claim amount provided by the collection agency for CIT Technologies |
| City of Austin | 5,647.30 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| ESQ Industries | 50,000.00 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |

| | | | | | |
|---|---|---|---|---|---|
| Janette Wallace | 125,580.40 | | | Unimpaired | This claim holder agrees to reduce her amount to the extent the other creditors receive payment in full. |
| Josh Ray CPA | 1,200.00 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| Law Offices of Hubert Bell, Jr. | 250.00 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| Ollie Jones | 5,000.00 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| Platinum Travel Network | 250.00 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| Wallace Development LLC | 125,000.00 | | | Unimpaired | Debtor believes this to be the full amount of the claim. |
| Estimate Total to Disburse to Unsecured Creditors | $550,637.28 | | | | |
| UST fees | 6,500 | | | | Estimated fees due for 1Q 2017. |
| Total Disbursements | 582,137.28 | | | | |

### Section 2.05 Estimated Number and Amount of Claim Objections.

Debtor does not anticipate filing claim objections. Claims will be paid the full amount of their allowed claim as reflected in the chart above.

### Section 2.06     Allowance and Disallowance of Claims

a) There are no disputed claims. The Allowed Claims are either: (i) the proof of claim filed or court order allowing a claim amount or (ii) the scheduled amount.
b) Failure to negotiate payment within 120 days of remittance of such payment shall cause the claim to be disallowed.

### Section 2.07     Treatment of Executory Contracts & Unexpired Leases

a) Entry of the Confirmation Order shall constitute the approval, pursuant to Sections 365 (a) and 1123 (b)(2) of the Bankruptcy Code, of assumption to the CIT Technologies equipment lease.
   1) CIT Technologies—Equipment Lease
      - Debtor intends to assume this executory contract with CIT Technologies under the Plan. CIT Technologies assigned collection of this contract to TBF Financial. TBF Financial has agreed to accept $5,000.00 to settle the account in full. The agreement states the lease obligations will be considered to have been paid in full if payment is received by March 15, 2017.
   2) Law Office of Fred Walker P.C.- Attorney Client Agreement
      - Debtor agrees with the U.S. Trustee that this is not an executory contract. It can neither be assumed nor rejected.
   3) JB Goodwin/Linda Del Toro – Listing Agreement
      - The terms of this executory contract were fulfilled during the pendency of the bankruptcy and the Agent paid at closing January 14, 2017.
   4) JCI Residential LLC- Commercial Contract –Improved Property to Sell
      - The buyer of this executory contact opted out of the contract during the option period.
   5) Life Storage of Round Rock—residential storage lease.
      - This residential storage lease was a month to month lease. The terms were fulfilled. This is not an executory contact that can be assumed or rejected.
   6) Eureka Holdings Acquisition, LP-Commercial Contract – Improved Property
      - The terms of this executory contract were fulfilled during the pendency of the bankruptcy and the creditor paid at closing January 14, 2017.

### Section 2.08     Acceptance or Rejection of this Plan

a) **Pursuant to 11 U.S.C. § 1126(f) provides** Notwithstanding any other provision of this section, a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of

claims or interests of such class is not required.

b) Although soliciting votes is not required, any party in interest may object to confirmation of the plan, which must be filed on or before the date set forth in an order of the Court and included in the "plan packet" sent to you by Debtor.

c) **OBJECTIONS TO THE PLAN MUST BE FILED BY <u>March 6, 2017</u>**

d) Debtor shall retain enough funds in the Debtor in Possession account until the objection/claim is finalized.

## Section 2.09    Means for Implementation of the Plan

a) **Funding**. The plan will be funded by the $584,672.44 cash on hand in the Debtor in Possession Account on the Effective Date of the Plan. The funds are to be used for the payment of Claims to be made under the Plan. Funds in a sufficient amount to pay the costs of the Reorganized Debtor shall be retained until a Final Decree is filed. Additional funds may be available from the liquidation of other assets. Any proceeds realized shall be deposited in the Debtor in Possession account and used to make payments required.

b) **Distribution Agent**. The Distribution Agent shall be Avis Wallace, Managing Member, of Rosewood Oaks, acting on behalf of the Rosewood. The Distribution Agent will serve until all distributions required under the Plan have been made, whereupon the Debtor in Possession Account will be closed, and a final decree filed.

c) **Assumption of Allowed Claims**. The Reorganized Debtor hereby assumes the liability for and obligation to perform and make all Distributions or payments on account of all Allowed Claims in the manner provided in this Plan.

d) **Timely Negotiation of Checks**. Claimants under the Plan shall negotiate the payment received from the Reorganized Debtor within 90 days of receipt of such payment.
   1. If payment is not negotiated within 90 days from remittance: The Re Organized Debtor shall send, by Certified Mail, a letter to claimant at their last known address requesting negotiation of the the payment or it will be disallowed.
   2. If payment is not negotiated within 120 days from remittance: The claim shall be disallowed.

e) Pursuant to 28 USC 1930, Avis Wallace, Managing Member, of the Reorganized Debtor shall file all post confirmation reports required and pay all post confirmation fees due on a timely basis under this provision until the case is closed, dismissed, or converted.

f) Avis Wallace, Managing Member, of the Reorganized Debtor shall file an application for Final Decree pursuant to Rule 3022 at such time as the estate is fully administered.

Such request shall include a summary of all assets at confirmation, the administration of such assets, and any assets remaining at the time of the Final Decree, as well as a description of claims paid under the Plan and any remaining, unpaid claims.

### Section 2.10      Tax consequences of the Plan

Creditors who are concerned with how the plan may affect their tax liability should consult with their own Accountants, Attorneys, and or Advisors. Debtor does not anticipate any tax consequences to Debtor as a result of the Plan.

### Section 2.11      Risk Factors/Mitigating Factors

Debtor is not aware of any risk or mitigating factors regarding confirmation or disbursement under the plan. Debtor has the funds on hand to disburse 100% of the allowed claims.

## Article III.      Feasibility of Plan

### Section 3.01      Ability to Fund the Plan and Cash on Hand

**Funding**. The plan will be funded by the $584,672.44 cash on hand in the Debtor in Possession Account by the Effective Date of the plan.

### Section 3.02      Cash on Hand on the Effective Date.

Debtor will have at least $584,672.44 of cash on hand on the Effective Date of the plan. If any of the personal property is liquidated prior to the Effective Date, there may be more cash.

## Article IV.      Liquidation Valuation

The assets remaining in the estate have an estimated value of $1,985.00. Debtor believes the cash on hand is sufficient to pay claims in full and satisfy its obligations under the plan.

## Article V. General Provisions

### Section 5.01      Title to Assets

**Vesting of Assets**. As of the Effective Date, all Assets owned by the Debtor shall be transferred to, and vested in, the Reorganized Debtor free and clear of all Liens and Claims and all rights, title and interests, except as expressly set forth in this Plan. In the event this case is converted, all assets not disbursed as required by the Plan will

revest back to the estate, including all claims

## Section 5.02     Binding Effect.

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

## Section 5.03     Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

## Section 5.04     Retention of Jurisdiction by the Bankruptcy Court.

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan; (ii) to rule on any modification of the Plan proposed under section 1127; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

## Section 5.05     Modification of Plan.

Modification of a plan may be made pursuant to 11 U.S.C. § 1127, including at any time before confirmation of the Plan.

## Section 5.06     Final Decree.

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, Avis Wallace, Managing Member, of the Reorganized Debtor, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case

## Section 5.07     Remedy of Parties in Interest For A Plan Default.

If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 5 days after the time specified in the Plan, the affected party may contact Debtor and/or Debtor's attorney regarding the default. If not cured to the party's satisfaction, the party may file an expedited request for a status

conference to discuss the default.

Date: <u>February 13, 2017</u>

|  |  |
|---|---|
| Debtor | ATTORNEY FOR DEBTOR:<br><br>FRED E. WALKER, P.C. |
| By: <u>/s/ Avis Wallace</u><br>Rosewood Oaks LLC.<br>Avis Wallace<br>Managing Member | <u>/s/ Kimberly L. Nash</u><br>Fred E. Walker / 20700400<br>Kimberly Nash / 24043840<br>609 Castle Ridge Road, Suite 220 |
| By: <u>/s/ Janette Wallace</u><br>Rosewood Oaks LLC<br>Jeanette Wallace<br>Member | Austin, TX 78746-6578<br>(512) 330-9977 phone<br>(512) 330-1686 fax |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-11141 |
| | § | |
| ROSEWOOD OAKS, LLC | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

## CERTIFICATE OF SERVICE OF DEBTOR'S AMENDED CHAPTER 11 COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

The below signed hereby certifies that the Debtor's 2nd Amended Chapter 11 Combined Plan of Reorganization and Disclosure Statement was sent to the creditors as shown on the attached matrix via first class U.S. mail or electronic document transfer:

CIT Technologies
P.O. Box 550599
Jacksonville, FL 32255-0599

TBF Financial, LLC
740 Waukegan Road
Suite 404
Deerfield, IL 60015

Dated: February 13, 2017

Respectfully submitted,

FRED E. WALKER, P.C.

/s/ Kimberly L. Nash
Fred E. Walker / 20700400
Kimberly L. Nash / 24043840
Wells Fargo Building, Suite 220
609 Castle Ridge Road
Austin, TX  78746-5126
512-330-9977 Office
512-330-1686 Facsimile
fredwalkerlaw@yahoo.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 16-11141-tmd<br>Western District of Texas<br>Austin<br>Wed Feb  8 17:08:06 CST 2017 | Rosewood Oaks, LLC<br>9001 Wildwater Way<br>Round Rock, TX 78681-3462 | United States Trustee (SMG111)<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |
| U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 | ADT Security Services<br>3190 S. Vaughn Way<br>Aurora, CO 80014-3537 | AT&T<br>Attn: Credit Collections<br>P.O. Box 5001<br>Carol Stream, IL 60197-5001 |
| ATTORNEY FOR TAX EASE FUNDING, LLC<br>f/k/a TAX EASE FUNDING, L.P.<br>12770 COIT ROAD, SUITE 1100<br>DALLAS, TX 75251-1329 | American Express Plum<br>P.O. Box 26312<br>Lehigh Valley, PA 18002-6312 | Austin Title Company<br>c/o Choate & Associates<br>1000 Westbank Dr Bldg One<br>Austin, TX 78746-6598 |
| Austin Title Company, party in interest<br>3520 Bee Caves Rd., Ste. 250<br>Austin, TX 78746-5673 | Avis Wallace<br>9001 Wildwater Way<br>Round Rock, TX 78681-3462 | Beverly Piper<br>4606 Broadhill Dr.<br>Austin, TX 78723-6102 |
| CIT Technologies c/o<br>McCarthy Burgess Wolf<br>26000 Cannon Rd<br>Belford Heights, OH 44146-1807 | Can Capital Asset Servicing, Inc.<br>2-15 Vaughn Road NW Bldg 500<br>Kennesaw GA 30144 | Can Capital Asset Servicing, Inc.<br>2015 Vaughn Road NW Bldg 500<br>Kennesaw GA 30144-7831 |
| Cersonsky, Rosen & Garcia, P.C.<br>1770 St. James Place, Ste. 150<br>Houston, TX 77056-3422 | Chase Bank USA, N.A.<br>PO Box 15123<br>Wilmington, DE 19850-5123 | Choate & Assoc.<br>W. Lee Choate<br>1000 Westbank Dr., Bldg. 1<br>Austin, TX 78746-6687 |
| Citibank, N.A.<br>Citi AT&T Universal Mastercard<br>P.O. Box 6235<br>Sioux Falls, SD 571175 7 1 1 7-6235 | City of Austin<br>721 Barton Springs Rd,<br>Attn: Legal<br>Austin, TX 78704-1145 | D. Scott Heselmeyer, P.C.<br>211 Round Rock Ave.<br>Round Rock, TX 78664-5139 |
| David C. Gregorcyk<br>7701 N. Lamar Blvd., Ste. 100<br>Austin, TX 78752-1012 | ESQ Industries<br>7487 Trailway Dr.<br>Frisco, TX 75035-2996 | JB Goodwin Realtors/Linda Del Toro<br>1613 S. Capital of Texas Hwy<br>Austin, Tx 78746-6592 |
| JCI Residential LLC<br>7701 N. Lamar Blvd,<br>Austin, Tx 78752-1000 | JCI Residential, LLC<br>c/o David C. Gregorcyk<br>7701 N. Lamar Blvd., Suite 100<br>Austin, TX 78752-1012 | Janette Wallace<br>9001 Wildwater Way<br>Round Rock, Tx 78681-3462 |
| Josh Ray, CPA<br>3000 Joe DiMaggio Blvd. Ste 91<br>Round Rock, TX 78665-3992 | Justice of the Peace<br>Williamson County<br>PO Box 588<br>Taylor, TX 76574-0588 | Law Offices of Hubert Bell, Jr.<br>1907 N. Lamar Blvd Ste. 300<br>Austin, TX 78705-4900 |

| | | |
|---|---|---|
| Life Storage of Round Rock<br>506 McNeil Rd.<br>Round Rock, TX 78681-6702 | Ollie Jones<br>2844 Hiawatha St.<br>New Orleans, LA 70126-4815 | Platinum Travel Network<br>11130 Jollyville Rd. Ste 303<br>Austin, TX 78759-5593 |
| R Bank<br>Attn: Bankruptcy Dept.<br>1900 Round Rock Ave.<br>Round Rock, TX 78681-4014 | R Bank<br>c/o Weldon Ponder<br>4408 Spicewood Springs Road<br>Austin, TX 78759-8504 | R Bank<br>c/o B. Weldon Ponder, Jr.<br>Attorney at Law<br>4408 Spicewood Springs Road<br>Austin, TX 78759-8504 |
| Rausch, Strum, Israel, Enerson<br>15851 N. Dallas Parkway, Ste. 245<br>Addison, TX 75001-6031 | Tax Ease<br>14901 Quorum Dr. Ste. 900<br>Dallas, TX 75254-7021 | Travis County<br>c/o Kay Brock<br>P.O. Box 1748<br>Austin, TX 78767-1748 |
| Travis County<br>c/o Kay D. Brock<br>P.O. Box 1748<br>Austin, TX 78767-1748 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Wallace Development LLC<br>9001 Wildwater Way<br>Round Rock, TX 78681-3462 |
| Williamson County Clerk,<br>Nancy E. Attn: Civil Division<br>405 MLK St., Box 14<br>Georgetown, TX 78626-4900 | Frederick E. Walker<br>609 Castle Ridge Road, Suite 220<br>Austin, TX 78746-5126 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Janette Wallace

End of Label Matrix
Mailable recipients    43
Bypassed recipients     1
Total                  44